IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>RUSSELL A. JENSEN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT<br><br><br><br><br><br>Case No. 2:09-CR-347 TS |

This matter is before the Court on Defendant's Motion to Amend Judgment. Defendant seeks to amend the Judgment in the above-entitled case to order that his sentence run concurrent to his state sentence. For the reasons discussed below, the Court lacks the authority to amend the Judgment as requested. Therefore, the Motion must be denied.

## I. BACKGROUND

On August 27, 2009, Defendant was sentenced to 48 months custody with the Bureau of Prisons ("BOP"). At the same time, he was sentenced to 12 months for a supervised release violation. The Court ordered that Defendant's supervised release sentence run concurrent to the sentence imposed in this case.

Also at the time of his sentencing, Defendant had a pending state case. He was sentenced in his state case on September 22, 2009, and the state sentence was ordered to run concurrent with his federal sentence.

The Court has reviewed the transcript from the sentencing in this matter. Importantly, the Court did not order that his sentence run concurrent with his state sentence. At his sentencing, Defendant's counsel noted that Defendant had a pending state case and that he came into federal custody on a writ. Counsel acknowledged that Defendant would likely not get credit against his federal sentence for the ninth months he had been in custody. However, counsel did not request that his federal sentence run concurrent to his state sentence and the Court did not order it. As a result, the Judgment does not order the sentences to run concurrent. Defendant now seeks, without objection from the government, to amend the Judgment.

## II. DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[1] Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c)[2] or Federal Rule of Criminal Procedure 36.

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[3]

---

[1]*United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[2]*See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[3]*United States v. Blackwell*, 81 F.3d 945, 947(10th Cir. 1996).

A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[4]

None of these three avenues applies here. There is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35 is equally inapplicable. Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As Defendant brings this Motion well after the seven day period set out in Rule 35(a), the provision is inapplicable.[5] Rule 35(b) provides for a reduction upon motion of the government. Here, there is no motion by the government. For these reasons, Section 3582(c) and Rule 35 are inapplicable. Thus, the Court turns to Federal Rule of Criminal Procedure 36.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." While Rule 36 "gives the court authority to correct clerical-type errors" it "does not authorize substantive sentencing modification."[6]

If the Court had ordered that Defendant's sentence run concurrent with his state sentence and that fact was omitted from the Judgment, then Rule 36 may provide an opportunity to correct

---

[4]*Id*. at 947–48 (quoting 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), (c)(2)).

[5]*United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (seven-day time limit imposed by Rule 35 is jurisdictional).

[6]*Blackwell*, 81 F.3d at 948–49.

that oversight.[7]  However, that is not what happened here.  As set forth above, a concurrent sentence was not requested, nor was it ordered.  Therefore, Defendant's Motion seeks a substantive modification of his sentence, rather than to correct a clerical-type error, and Rule 36 is inapplicable.

If Defendant's complaint is that he is not receiving appropriate credit for time served, the Court would note that such a calculation rests with the BOP.[8]  "[O]nly the Attorney General through the Bureau of Prisons has the power to grant sentence credit in the first instance."[9]  If Defendant is challenging the calculation of sentence credit, he must first exhaust all of his administrative remedies with the BOP before he seeks judicial intervention regarding the calculation of credit for time served on his sentence.  Once he has done so, if he is not satisfied with the BOP's resolution of his request for sentence credit, he may raise the issue by filing a petition under 28 U.S.C. § 2241.  Such petition must be filed in the judicial district where Defendant is held in custody at the time such a Petition is filed.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Amend Judgment (Docket No. 42) is DENIED.

---

[7]The Court need not definitively decide this issue in this Order.

[8]*United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

[9]*United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994).

DATED   November 18, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge